Filed 12/17/15  P. v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050161 |
| v. | (Super. Ct. No. 13WF3196) |
| SON HUU NGUYEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

James M. Crawford, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Stacy Tyler and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Son Huu Nguyen of two counts of throwing a substance at a vehicle with the intent to cause great bodily injury (Veh. Code, § 23110, subd. (b); counts 1, 2), and one count of felony vandalism (Pen. Code, § 594, subd. (a)(1); count 3). The court found true allegations Nguyen had two prior burglary convictions from December 7, 1989, which are "strikes" within the meaning of the "Three Strikes" law, and had served three prior prison terms. After dismissing the prior prison term enhancements, the court imposed a total term of two years and eight months.

Nguyen argues the trial court abused its discretion by admitting evidence of uncharged misconduct (Evid. Code, § 1101, subd. (b)), and by denying his motion to dismiss the prior strike allegations for sentencing purposes in the interest of justice (Pen. Code, § 1385, subd. (a)). We reject both assertions and affirm the judgment.

**FACTS**

*The People's Case*

In the early morning hours of September 9, 2013, Nguyen was issued a citation for throwing a rock at Juan Michel's truck. The incident occurred on Bolsa Avenue, near the Ward Street intersection, in Westminster. As Michel waited for the emergency responders, he saw Nguyen throw a rock at another truck and break a window.

On October 12, at about 5:00 p.m., Allen Serna was riding his motorcycle on Bolsa Avenue near the Ward Street intersection when he saw "a male subject on the sidewalk standing by his bicycle." The male subject, later identified as Nguyen, made eye contact with Serna and threw a palm-sized rock at Serna's head. Serna turned his face to avoid the rock, but it hit the back of his helmet and knocked a hole in the fiberglass. Serna, shocked and incensed, pulled over to the curb, parked his motorcycle, and walked toward Nguyen. Serna asked Nguyen what he was doing. Nguyen yelled back in a foreign language and then rode away on his bicycle. A short time later, Serna reported the incident to the Westminster Police Department.

2

The next afternoon, October 13, there was another rock-throwing incident at the intersection of Bolsa Avenue and Ward Street, and Nguyen was again identified as the perpetrator. This time, Nguyen threw a rock at Rogelio Martinez's car as Martinez drove by. The rock landed just below the open passenger window, narrowly missing Martinez's brother who was sitting in the passenger seat. Martinez stopped to inspect the damage. His brother and another passenger followed and detained Nguyen until police could arrive. The rock caused between $700 and $1,200 in damage to Martinez's car. Martinez testified he was sure he recognized Nguyen because Nguyen had been at the same intersection several times during the preceding year. Martinez said Nguyen frequently asked for money and yelled at cars on Bolsa Avenue.

*The Defense*

Nguyen challenged the eyewitnesses' identification of him as the perpetrator of the October rock-throwing incidents. To that end, Nguyen called Westminster Police Officer Derek Link. Link interviewed Serna at the scene on October 12. Serna told Link the suspect was wearing a blue sports jersey and he was riding a bicycle. Serna said the man got off of his bicycle, and Serna felt something hard hit his helmet. But Link also testified Serna did not tell him he had seen someone throw a rock at him, or that he saw the rock coming toward him.

Nguyen also called Westminster Police Officer Paul Walker. Walker responded to the October 13 rock-throwing incident and interviewed Martinez at the scene. Martinez described the suspect as male, with missing front teeth and a shaggy beard, and wearing an oversized T-shirt. Three hours later, Walker contacted Nguyen. Nguyen was bald, with short facial hair, and he had his teeth. Investigator Jorge Romero also interviewed Martinez. Romero testified Martinez told him one rock hit Martinez's front passenger side below the window and a second rock hit the front bumper.

## DISCUSSION

*1. Evidence Code Section 1101*

The People filed a pretrial motion to introduce evidence of the September 9 rock-throwing incident involving Michel under Evidence Code section 1101, subdivision (b). The people argued the September incident was sufficiently similar to the charged offenses to be relevant and admissible on the issue of Nguyen's intent, the absence of mistake or accident, and his identity. Nguyen moved to exclude evidence of the September 9 incident, citing Evidence Code sections 210 and 352.

After hearing the arguments of counsel, the court concluded the September 9 incident was "extremely probative of intent and identity." The court stated, "This basically occurred at the same place, and it is the same act, throwing a rock at a car." The court acknowledged that the September 9 incident could be considered "a more serious case" because Michel not only testified Nguyen threw a rock at his truck, but also said Nguyen threw a rock and broke another truck's window. But the court concluded, "This is a classic case where identity is proven by the prior conduct or where the prior conduct is relevant to prove identity. This is a very similar act, literally on the same street, at the same intersection, rocks being thrown at cars. It is really a unique sort of thing. I've never had somebody throw a rock at the car, but as I said, we've had – we have these three incidents at the same intersection."

Nguyen disagrees with the court's ruling. "We review the trial court's ruling for abuse of discretion. [Citations.]" (*People v. Cage* (Dec. 3, 2015, S120583) __ Cal.4th __ [2015 Cal. Lexis 9480, p. 26].) We find none here.

"The rules governing the admissibility of evidence under Evidence Code section 1101[, subdivision] (b) are well settled. Evidence of defendant's commission of other crimes, civil wrongs or bad acts is not admissible to show bad character or predisposition to criminality, but may be admitted to prove some material fact at issue such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

4

mistake or accident. [Citations.]" (*People v. Cage, supra,* __ Cal.4th __ [p. 25].) When the prosecution seeks to prove identity with evidence of an uncharged offense, the admissibility of this uncharged offense "'depends upon proof that the charged and uncharged offenses share distinctive common marks sufficient to raise an inference of identity.'" (*Ibid.*)

The court did not abuse its discretion by finding the three rock-throwing incidents "really a unique sort of thing." As the court observed, it is highly unusual to have someone stand on a street corner and throw rocks at passing cars. It is even more unusual to have someone stand on the same street corner and throw rocks at cars multiple times over the course of two months. Nguyen points to minor differences in the crimes, i.e., types of vehicles involved, time of day, and the differences between the victims and their reactions, but these purported points of distinction only serve to highlight the individuality of his acts. In short, the court properly admitted evidence that approximately one month before the commission of the charged offenses on Bolsa Avenue near Ward Street, Nguyen threw a rock at Michel's car on Bolsa Avenue near Ward Street. There was no error.

## 2. *Penal Code Section 1385, Subdivision (*a*)*

Prior to the sentencing hearing, Nguyen filed a motion requesting the court exercise its discretion to strike, or dismiss, one or both of his prior strike convictions for sentencing purposes under Penal Code section 1385, subdivision (a) and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529-530.

Nguyen argued his prior strike convictions were remote (25 years old) and fueled by drug addiction. He also pointed to his age (55 at the time of sentencing) and the relatively minor nature of the current crimes as reasons for *Romero* relief. The prosecution argued Nguyen was a classic Three Strikes' defendant.

The court denied the *Romero* motion and ruled, "The priors were a long time ago, 25 years, but they are then followed by 10 felony [drug] offenses, or they are

5

part of a pattern that includes 10 felony offenses and 15 misdemeanors, a total of 25 different crimes over the same 25-year period essentially or something similar to that or close to that. [¶] So I think this case is right down the center of the spirit of the Three Strikes law. The defendant up till very recently would in fact be facing a possible sentence to 25 years to life. Now, that's not the requirement under the current law, but as I said, this case is right down the center of the spirit of that law."

Nguyen asserts the court abused its discretion to strike, or dismiss, the allegations that he had prior strikes within the meaning of the Three Strikes law. (Pen. Code, § 1385, subd. (a); *People v. Williams* (1998) 17 Cal.4th 148, 162.) We disagree.

A defendant's request to dismiss prior strike allegations requires the court to determine "'whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) A court acts within its discretion "unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at pp. 376-377.)

Here, the court considered the *Carmony* factors and decided Nguyen fit squarely within the letter and spirit of the Three Strikes law. The probation report catalogs a rather extensive list of drug-related felony and misdemeanor arrests and convictions, plus another burglary conviction in 2002, all occurring within the 25-year period Nguyen claims as a washout period between his "serious" criminal acts. The record reveals the court carefully considered Nguyen's arguments for *Romero* relief. Nevertheless, the court found these arguments unpersuasive. In doing so, the court made a reasonable decision, not one that is irrational, arbitrary. Thus, there was no error.

6

## DISPOSITION

The judgment is affirmed.

THOMPSON, J.

WE CONCUR:

ARONSON, ACTING P. J.

FYBEL, J.